1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   JANE ELLEN KISSNER,                           NO.  C11-5878-RAJ-JPD

8                              Plaintiff,

9           v.                                    REPORT AND
                                                  RECOMMENDATION
10  MICHAEL J. ASTRUE, Commissioner of
    Social Security,

11                             Defendant.

12

13          Plaintiff appeals the final decision of the Commissioner of the Social Security

14  Administration ("Commissioner") which denied her applications for Disability Insurance

15  Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

16  Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

17  administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

18  the Commissioner's decision be REVERSED and REMANDED.

19                      I.      FACTS AND PROCEDURAL HISTORY

20          Plaintiff is a fifty-three year old woman with a high school education.  Administrative

21  Record ("AR") at 49.  Her past work experience includes employment as a bartender and as a

22  business manager at an automotive dealership.  AR at 50.

23          On April 20, 2007, she filed applications for DIB and SSI, alleging an onset date of

24  August 15, 2002.  AR at 22.  At the administrative hearing, however, the plaintiff amended her

REPORT AND RECOMMENDATION - 1

1    onset date to February 22, 2006, which effectively withdrew her application for DIB because

2    her date last insured expired prior to her amended onset date.  AR at 42-43.  With respect to

3    her remaining claim for SSI, the plaintiff asserts that she is disabled due to seizures, short term

4    memory, weakness, and a history of cancer and a broken jaw.  AR at 183.

5          The Commissioner denied the plaintiff's claim initially and on reconsideration.  AR at

6    119, 122, 129, 132.  Plaintiff requested a hearing which took place on January 13, 2010.  AR at

7    22.  On January 29, 2010, the ALJ issued a decision finding the plaintiff not disabled and

8    denied benefits based on his finding that the plaintiff could perform a specific job existing in

9    significant numbers in the national economy.  AR at 31-32.  After reviewing additional

10   evidence, the Appeals Council denied plaintiff's request for review, making the ALJ's ruling

11   the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  AR at

12   6.  Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1.

13                              II.    JURISDICTION

14         Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C.

15   §§ 405(g) and 1383(c)(3).

16                           III.    STANDARD OF REVIEW

17         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18   social security benefits when the ALJ's findings are based on legal error or not supported by

19   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

20   Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

21   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

22   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

23   (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

24   medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

REPORT AND RECOMMENDATION - 2

53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Kissner bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On January 29, 2010, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2002.

2. The claimant has not engaged in substantial gainful activity since February 22, 2006, the alleged onset date.

3. The claimant has the following severe impairments: epilepsy, carpal tunnel syndrome, history of broken jaw, cocaine dependence, depression, and personality disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except that she cannot climb ladders, ropes, or scaffolds, and she must avoid exposure to hazards such as open heights, open machinery, etc. Additionally, the claimant has no ability for continuous, repetitive motion with the upper extremities, but she is allowed frequent fingering and handling. The claimant also retains the capacity to understand, remember, and carry out short simple instructions while performing routine, predictable tasks with only occasional contact with the general public and co-workers.

6. The claimant is unable to perform any past relevant work.

7. The claimant was defined as a younger individual (age 18-49) on the alleged disability onset date, but has changed age category to closely approaching advanced age.

REPORT AND RECOMMENDATION - 5

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled, whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined by the Social Security Act, from February 22, 2006, through the date of this decision.

AR at 24-32.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Should new evidence submitted to the Appeals Council, and incorporated into the administrative record, be considered by the Court in determining whether the ALJ's decision is supported by substantial evidence?

2. Did the Commissioner err in determining that Ms. Kissner did not meet or equal Listing 12.04, Affective Disorders?

3. Did the Commissioner err in determining Ms. Kissner's residual functional capacity?

4. Did the Commissioner err by considering plaintiff's cocaine use in finding her not disabled?

Dkt. 13 at 2, 4.

## VII. DISCUSSION

A. <u>New Evidence Submitted to the Appeals Council Should be Considered in Determining Whether the ALJ's Decision is Supported by Substantial Evidence</u>

An overarching issue in this case is whether new evidence, submitted to the Appeals Council by a claimant following an adverse ruling of an ALJ, should be considered part of the administrative record which this Court must consider in determining whether the

REPORT AND RECOMMENDATION - 6

1    Commissioner's decision is supported by substantial evidence.  Specifically, following the

2    ALJ's adverse ruling on January 29, 2010, the plaintiff submitted additional medical evidence

3    to the Appeals Council.  AR at 992-98, 1017-31.  The Appeals Council incorporated the newly

4    submitted evidence into the record, and denied the plaintiff's request for review on August 26,

5    2011.  AR at 6-11.

6          In *Mayes v. Massanari,* the Ninth Circuit applied the materiality and good cause

7    standard set forth in sentence six of 42 U.S.C. § 405(g) to determine whether to remand that

8    case in light of additional evidence submitted to the Appeals Council.  276 F.3d 453, 461-62

9    (9th Cir. 2001).  Sentence six of 42 U.S.C.§ 405(g) provides in part, "[t]he Court . . . may at

10   any time order additional evidence to be taken before the Commissioner of Social Security, but

11   only upon a showing that there is new evidence which is material and that there is good cause

12   for failure to incorporate such evidence into the record in a prior proceeding[.]"  42 U.S.C. §

13   405(g).

14         The Commissioner argues that *Mayes* supports his view that the "materiality" and

15   "good cause" requirements of sentence six should apply to this Court's review of plaintiff's

16   "new evidence."  Dkt. 20 at 2.  Specifically, the Commissioner argues that to justify remand,

17   plaintiff must show that the additional evidence submitted to the Appeals Council was both

18   "new" and "material" to the disability determination, and that she had good cause for having

19   failed to seek additional medical opinions, or to produce that evidence, earlier.  Dkt. 17 at 6.

20         Recently, the Ninth Circuit held that when the Appeals Council accepts additional

21   medical reports, which were unavailable to the ALJ at the time of the administrative hearing,

22   the evidence is incorporated into the administrative record for review by the district courts.

23   *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159 (9th Cir. 2012).  In *Brewes*,

24   the Ninth Circuit considered additional evidence submitted to the Appeals Council after the

REPORT AND RECOMMENDATION - 7

1   ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g).  *See id.* at 1161-63.  Sentence

2   four of 42 U.S.C. § 405(g) states, "[t]he Court shall have power to enter, upon the pleadings

3   and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

4   Commissioner of Social Security, with or without remanding the case for a rehearing."  42

5   U.S.C. § 405(g).  The *Brewes* court held that evidence submitted to the Appeals Council is not

6   considered "new evidence" at all, but rather is part of the administrative record properly before

7   the district court.  *See id.* at 1164.  Thus, because evidence submitted to the Appeals Council

8   after the ALJ's decision is part of the administrative record, sentence six requirements do not

9   apply.  Specifically, the Ninth Circuit does not require that a claimant show "good cause" or

10  "materiality" before additional evidence submitted to the Appeals Council becomes part of the

11  record considered by the district court.  *Id.* at 1162

12          Plaintiff asserts that the record, which now includes medical reports submitted to the

13  Appeals Council following the ALJ's decision, establishes that the Commissioner erred both in

14  finding that she failed to meet the criteria for a listed impairment, and in assessing her RFC.

15  Dkt. 13 at 7.  The Commissioner, however, maintains that substantial evidence supports the

16  ALJ's decision.  The Commissioner notes that the plaintiff's attorney told the ALJ at the

17  administrative hearing that he had all the evidence before him, and that the plaintiff's

18  subsequent medical reports were completed months later. Dkt. 17 at 4-5.  Moreover, the

19  Commissioner asserts that the plaintiff's attempt to bolster the record with favorable medical

20  evidence after receiving notice of the ALJ's decision must fail, because the plaintiff has not

21  demonstrated good cause for the delay or that the additional evidence is material to the

22  disability determination.  *Id.* at 5-6.

23          In light of *Brewes*, this Court will consider the additional medical reports the plaintiff

24  submitted to the Appeals Council, and which the Appeals Council incorporated into the record,

1   in determining whether substantial evidence supports the ALJ's decision.  As discussed above,

2   the Ninth Circuit held in *Brewes* that the threshold questions of good cause and materiality do

3   not apply in these circumstances.  Although this result raises significant policy issues regarding

4   finality and possible gamesmanship regarding adverse ALJ decisions, this outcome is dictated

5   by *Brewes.*  Accordingly, the Court will consider the new medical evidence, consisting of

6   records from the State of Washington Department of Social and Health Services ("DSHS"),

7   dated from May 12, 2000 to October 5, 2010.[2]

8         B.    <u>The Commissioner Did Not Err in Determining that the Plaintiff Failed to Meet or Equal Listing 12.04, Affective Disorders</u>

9

10         1.    *The Legal Standard*

11        Step three of the sequential evaluation process requires the ALJ to determine whether

12   plaintiff's impairments meet or equal any of the listed impairments set forth in Appendix 1 to

13   20 C.F.R. Part 404, Subpart P.  20 C.F.R. §§ 404.1520(d), 416.920(d).  The listings describe

14   specific impairments in each of the body's major systems that are considered "severe enough

15   to prevent a person from doing most gainful activity."  20 C.F.R. §§ 404.1525, 416.925(a).

16   Severe impairments must be "permanent or expected to result in death," or must last or be

17   expected to last for a continuous period of at least twelve months.  20 C.F.R. §§ 404.1525(a),

18   416.925(a).  The ALJ's analysis at step three must rely only on medical evidence and not on

19   age, education or work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  To be found

20   disabled at step three, the plaintiff must prove that she meets or equals each of the

21   characteristics of a listed impairment.  20 C.F.R. §§ 404.1525(a), 416.925(a); *see also Burch v.*

22   *Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  A claimant who meets or equals a listing is

23   presumed disabled at step three without further inquiry.  20 C.F.R. § 416.920(a)(4)(iii).

24             [2] The Appeals Council incorporated Exhibit 20F (AR at 992-98) and Exhibit 22F (AR at 1017-31) into plaintiff's administrative record.  AR at 10.

1    2.    *Listing 12.04, Affective Disorders*

2        The Social Security Administration, in evaluating the severity of a claimant's mental

3    impairment, will consider any documentation of a medically determinable impairment, the

4    degree of limitation imposed by the impairment, and the expected duration of the limitations

5    on a claimant's ability to work.  *See* 20 CFR Pt. 4, Subpt. P, App. 1.  The mental impairment

6    listings are divided into diagnostic categories.  *Id.*  Each listing is comprised of "paragraph A"

7    criteria (medical findings) and "paragraph B" criteria (impairment-related functional

8    limitations).  *Id.*  The listing for affective disorders has a third component, "paragraph C,"

9    which contains additional functional related criteria, and is only used if "paragraph B" is not

10   satisfied.  *Id.*

11       Listing 12.04 characterizes affective disorders as involving disturbances of mood,

12   accompanied by manic or depressive syndrome.  *Id.*  To satisfy "paragraph A," a claimant must

13   show medical documentation of depressive, manic, or bipolar syndrome.  *Id.*  To satisfy

14   "paragraph B," a claimant must show at least two functional limitations sufficiently severe so

15   as to be considered "marked" (activities of daily living, social functioning, maintaining

16   concentration, persistence, or pace, and repeated episodes of decompensation).  *Id.*  To satisfy

17   "paragraph C," a claimant must show a medically documented history of chronic affective

18   disorder dating back at least two years.  *Id.*  The listing is satisfied if the requirements of

19   "paragraph A" and "paragraph B" are met, or if the requirements of "paragraph C" alone are

20   met.  *Id.*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1203-04 (9th Cir. 2001); *Morgan v.*

21   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 598 n.2 (9th Cir. 1999).

22

23

24

3.      *Substantial Evidence Supports the ALJ's Conclusion that Plaintiff's Impairments Do Not Meet or Equal Listing 12.04*

Plaintiff argues that the ALJ erred at step three by finding that her impairments did not meet or equal Listing 12.04. Dkt. 13 at 5. Specifically, plaintiff contends that the record, as a whole, establishes that she has been diagnosed with depression in each of her mental health evaluations, and that the preponderance of medical evidence indicates that the plaintiff has marked limitations in activities of daily living and social functioning, and marked restrictions in maintaining concentration, persistence, or pace. *Id.* at 7.

The Commissioner contends that the ALJ properly concluded that the plaintiff's impairments did not meet or equal the requirements of Listing 12.04, and that the plaintiff fails to recognize that the ALJ discounted her subjective complaints and properly considered the medical evidence available at the time of the hearing. Dkt. 17 at 3-4. The Commissioner further argues that the plaintiff offers no more than a generalized assertion of functional problems—a vague theory of harm. *Id.* at 3.

The ALJ did not err in finding that plaintiff's mental impairments failed to meet or equal the criteria of Listing 12.04. The only medical evidence available to the ALJ at the time of the hearing was a mental health evaluation from Dr. Loren McCollom. Consistent with Dr. McCollom's report, the ALJ concluded that the plaintiff was only mildly limited in her activities of daily living and social functioning, and that the plaintiff suffered from moderate restrictions regarding concentration, persistence, or pace. Finally, Dr. McCollom failed to note any periods of decompensation. AR at 544-58. Accordingly, the Court concludes that the ALJ did not err in failing to find that plaintiff's mental impairments failed to satisfy the criteria of Listing 12.04.

1    Even in light of the additional evidence from DSHS, the Court finds that substantial

2  evidence supports the ALJ's conclusion that plaintiff's mental impairments do not meet or

3  equal Listing 12.04.  The Court disagrees with the plaintiff's characterization of the mental

4  health evaluations conducted by Dr. Jabbusch, Dr. Copeland, and Greater Lakes Mental

5  Healthcare ("Greater Lakes").  Although Dr. Jabbusch found that the plaintiff suffered from

6  isolation and could benefit from an anti-depressant regimen, he did not consider plaintiff's

7  depression severe enough to satisfy "paragraph A" criteria for depressive syndrome.  AR at

8  664.  Moreover, Dr. Jabbusch did not find that the plaintiff exhibited at least two of the criteria

9  listed under "paragraph B."  AR at 664.  Specifically, the doctor did not report that the

10  plaintiff suffered from a marked restriction of activities of daily living; marked difficulties in

11  maintaining concentration, persistence, or pace; or repeated episodes of decompensation.

12  Although the doctor indicates that the plaintiff is socially isolated, he refrains from labeling her

13  predicament as "marked."  AR at 664.  Even so, difficulty in maintaining social functioning is

14  only one of the two requisite results needed to satisfy "paragraph B."

15    Although Dr. Copeland's report could support an argument that plaintiff's mental

16  health condition met or equaled the affective disorder listing, the report is inconsistent with

17  both Dr. Jabbusch's report and the subsequent Greater Lakes evaluation, and as the

18  Commissioner notes, compromised by the report's own inherent flaws.  AR at 664, 972, 1010.

19  Dr. Copeland found that the plaintiff suffered from marked depression and marked anxiety.

20  AR at 972.  But the evaluation conducted by Greater Lakes months later indicated variation in

21  the plaintiff's condition, and therefore failed to reflect the medically documented "persistence,

22  continuous or intermittent," required by "paragraph A."  AR at 1013-15.  Dr. Copeland, relying

23  upon the plaintiff's self-report, concluded that she was unable to work because she spent four

24  or five days a week in bed.  AR at 971.  Yet the Greater Lakes evaluation reported that the

plaintiff suffered no marked difficulties in maintaining her activities of daily living.  AR at

1010.  Plaintiff's own comments during the Greater Lakes evaluation corroborate the ALJ's

finding that she was less than credible.  AR at 1003, 1011.  Specifically, plaintiff stated that

she was only present at the evaluation lest the state deny her continued assistance and noted

that she had no desire to take steps towards rejoining the workforce.  AR at 1002, 1011.

Because the ALJ may reject medical opinions based upon self-reports of a claimant held to be

not credible, and because the ALJ discounted plaintiff's credibility (an issue not disputed in

this appeal), the Commissioner did not err in concluding that Dr. Copeland's evaluation, based

upon plaintiff's self-reports, was unlikely to have changed the ALJ's ruling.  *See Bray v.*

*Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

        C.      <u>The Commissioner Erred in Determining the Plaintiff's RFC</u>

            1.    *Legal Standard*

The RFC is the "maximum degree to which [a plaintiff] retains the capacity for

sustained performance of the physical-mental requirements of jobs."  20 C.F.R. 404, Subpt. P,

App. 2 § 200(c).  It is an administrative decision as to the most a plaintiff can do, despite her

limitations.  SSR 96-8p.  The ALJ must assess all of the relevant evidence, including evidence

regarding symptoms that are not severe, to determine if the claimant retains the ability to work

on a "regular and continuing basis," e.g., eight hours a day, five days a week.  *Reddick v.*

*Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995);

SSR 96-8p.  The RFC assessment must be based on all of the relevant evidence in the case

record, such as: medical history; the effects of treatment, including limitations or restrictions

imposed by the mechanics of treatment (e.g., side effects of medication); reports of daily

activities; lay activities; recorded observations; medical source statements; effects of

symptoms, including pain, that are reasonably attributed to a medically determinable

REPORT AND RECOMMENDATION - 13

1    impairment; evidence from work attempts; need for structured living environment; and work

2    evaluations.  SSR 96-8p.

3            2.      *The New Evidence Necessitates a Reevaluation of Plaintiff's RFC*

4            Plaintiff argues that her entire medical record, including the medical evidence from

5    DSHS submitted to the Appeals Council following her administrative hearing, shows

6    additional limitations that must be added to her RFC.  Dkt. 13 at 7.  Specifically, the ALJ did

7    not include postural limitations in his RFC assessment of the plaintiff, apart from the limitation

8    that the plaintiff cannot climb ladders, ropes, scaffolds, and must avoid exposure to hazards

9    such as open heights and open machinery when performing light work.  *Id.* (citing AR at 26-

10   27).  At a minimum, the plaintiff asserts, this case should be remanded in order to determine a

11   proper RFC that encompasses all her symptoms and limitations.  Dkt. 13 at 8.

12           The ALJ's decision notwithstanding, because the plaintiff has submitted additional

13   objective medical evidence pertaining to her degenerative disc disease that is now part of the

14   administrative record, this action should be remanded to the Commissioner to reevaluate

15   plaintiff's RFC.  Medical records from Community Health Care indicate that the plaintiff

16   suffers from lumbar degenerative disc disease.  AR at 667-68.  This is supported by a magnetic

17   resonance image ("MRI") of the plaintiff showing the lumbar spine's diffuse degenerative

18   changes and diffuse mild foraminal narrowing.  AR at 669.  In May 2009, another medical

19   evaluation concluded that the plaintiff is severely limited in her ability to work, and has

20   functional limitations in her ability to balance, climb, handle, push, and pull.  AR at 712.  In

21   addition, a DSHS evaluation from 2010 concluded that the plaintiff should be limited to

22   sedentary work.  AR at 719.

23           The ALJ determined that he could not base the RFC assessment upon the plaintiff's

24   self-reports of pain alone, due to his assessment of her credibility.  AR at 27, 30.  Although the

REPORT AND RECOMMENDATION - 14

ALJ did not err in this regard, this Court, in light of the entire record, is unable to determine whether the ALJ's disability determination is still supported by substantial evidence.  In such a situation, the Court has "discretion to remand a case either for additional evidence and findings or to award benefits."  *Brewes*, 682 F.3d at 1164 (quoting *Smolen*, 80 F.3d at 1292).  It is appropriate for a court to award benefits when further administrative proceedings would be fruitless, or when the record has been fully developed and the ALJ's decision is not supported by substantial evidence.  *See id.*  Remand for further administrative proceedings, however, is appropriate when outstanding issues remain unresolved.  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Due to the ambiguity in the record in this case, further proceedings are warranted. Specifically, if credited as true, the additional DSHS evidence establishes that the ALJ's RFC does not fully account for all of plaintiff's limitations.  Accordingly, the Court recommends that this case be REMANDED so that the ALJ can reconsider his decision in light of the additional medical evidence.  On remand, the ALJ shall consider the entire administrative record in performing the five step sequential disability analysis, including a reevaluation of plaintiff's RFC.

D.     The ALJ Erred by Relying Upon Plaintiff's Cocaine Abuse to Find Her Not Disabled Without Conducting a Drug and Alcohol Analysis

Although the parties have failed to address the ALJ's treatment of the plaintiff's history of cocaine abuse, the Court notes that the ALJ appeared to consider plaintiff's substance abuse material to the disability determination in this case.  On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amended various portions of the Social Security Act.  Pub.L. No. 104-121, 110 Stat. 847 (1996).  Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides

1   "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or

2   drug addiction would (but for this subparagraph) be a contributing factor material to the

3   Commissioner's determination that the individual is disabled."  110 Stat. at 852 (1996)

4   (amending 42 U.S.C. § 423(d)(2)).

5          In determining whether a claimant's drug addiction is material under 42 U.S.C.

6   § 423(d)(2)(C), the test is "whether an individual would still be found disabled if she stopped

7   using [] drugs."  20 C.F.R. § 404.1535(b)(1); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.

8   1998).  Materiality, however, only becomes an issue after the individual proves that she cannot

9   perform any substantial gainful activity considering all impairments, including drugs and

10  alcohol.  Thus, the ALJ first determines whether plaintiff's impairments, including the use of

11  illicit drugs, are disabling, and then determines whether plaintiff's impairments, absent the

12  effects of drugs, are disabling.  The plaintiff has the burden of proving that her drug abuse is

13  not material to the finding of disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

14         Before applying this statute, however, an ALJ must first conduct the five-step

15  sequential-evaluation process and conclude that the claimant is disabled.  *Bustamante v.*

16  *Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  If a claimant is found to be disabled and there

17  is medical evidence of plaintiff's drug or alcohol use, then the ALJ must apply the sequential-

18  evaluation process a second time to determine whether plaintiff would still be disabled if he or

19  she stopped using.  *Id*.  It is error for an ALJ to conclude that drug use precludes an award of

20  benefits prior to first applying the five-step process.  *Id*.

21         The ALJ found that the plaintiff was not disabled.  AR at 32.  However, it is evident

22  from the decision that the ALJ focused on plaintiff's cocaine use, in part, as a basis for

23  concluding plaintiff was not entitled to benefits.  AR at 26.  Accordingly, on remand, the five-

24  step sequential evaluation shall be conducted without reference to cocaine use, unless a finding

REPORT AND RECOMMENDATION - 16

1    of disability is made, and then a Drug and Alcohol Analysis shall be administered, if

2    appropriate.

3                                  VIII.   CONCLUSION

4          For the foregoing reasons, the Court recommends that this case be REVERSED and

5    REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

6    instructions.  A proposed order accompanies this Report and Recommendation.

7          DATED this 22nd day of August, 2012.

8

9                                         _____
                                          JAMES P. DONOHUE
10                                        United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 17